EXHIBIT 3

RECEIVED AND FILED

IN THE CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

EXPRESS SCRIPTS INC. )
)
    Plaintiff, )
)
vs. )
)
SCRIP WORLD, LLC., a Utah Limited )  Case No. 12SL-CC00130
Liability Company, )
)  Div. No. 39
    Defendant. )
)
Serve: **Attorney for Scrip World, LLC** )
    Kevin A. Sullivan )
    Sauter Sullivan, LLC )
    3415 Hampton Ave. )
    St. Louis, MO 63139 )
    **Return for Service** )

## PETITION FOR DECLARATORY JUDGMENT

Express Scripts, Inc. ("ESI"), for its Petition for Declaratory Judgment against Scrip World, LLC ("SW"), states as follows:

1. ESI is a Delaware corporation with its principal place of business in Maryland Heights, Missouri.

2. SW is a Utah limited liability company. SW has already submitted itself to the jurisdiction of this Court by filing a petition on January 9, 2012, seeking a resolution of the exact same issues raised by this Petition.

3. Venue is proper because ESI maintains its headquarters in St. Louis County, Missouri and the contract at issue was entered in to in St. Louis County, Missouri.



EXHIBIT 3

SLC-6535310-2

## General Allegations

4. Three days ago, on January 9, 2012, SW filed an action in the Saint Louis County Circuit Court against ESI, seeking damages and injunctive relief. That case was assigned to Division 10 of this court, as Case No. 12SL-CC081. A true and accurate copy of that Petition is attached hereto as Exhibit 1, and incorporated herein by reference.

5. Count IV of SW's Petition sought a "declaration from the Court that ESI is prohibited from communicating with SW's existing clients, if such communications contain or make use of SW's existing clients, if such communications contain or make use of SW's Proprietary Information, as that term is defined in the PDPA."

6. SW's Petition cited Section 5.2 of the parties' Prescription Drug Program Agreement ("PDPA"). That section states as follows:

> Each party agrees that information of the other party, including, but not limited to the following, shall constitute confidential and proprietary information ("Proprietary Information") unless otherwise voluntarily disclosed to the public: (a) with respect to ESI: reporting and system applications, (web-based and other media), and system formats, databanks, clinical and formulary management operations and programs and manuals, information concerning Rebates, prescription drug evaluation criteria, drug choice management, drug pricing information, and Participating Pharmacy agreements; and (b) with respect to SW: SW information files, business operations and strategies. Neither party shall use the other's Proprietary Information or disclose it to any third party, at any time during or after termination of this Agreement, except as specifically contemplated by this Agreement or upon prior written consent. Upon termination of this Agreement, except as specifically contemplated by this Agreement or upon prior written consent. Upon termination of this Agreement, each party shall cease using the other's Proprietary Information, and all such information shall be returned or destroyed upon the owner's direction.

A copy of the PDPA is on file with this court in Division 10, Case No. 12SL-CC081, as Exhibit A to SW's Petition.

2

7. ESI and SW are sophisticated commercial parties who negotiated the PDPA at arm's length.

8. Section 5.2 of the PDPA does not contain any non-solicitation language that would prohibit ESI from contacting clients about alternatives at the conclusion of whatever contractual obligations they may have with SW, or responding to requests from clients regarding potential services offered by ESI.

9. In fact, there is no anti-solicitation clause contained anywhere in the PDPA.

10. Nonetheless, SW sought a declaration that ESI had violated section 5.2 of the PDPA by allegedly improperly disclosing SW's Proprietary Information to third parties. *See* Ex. 1, at ¶ 36.

11. SW also sought to enjoin ESI from communicating with SW's customers.

12. Specifically, SW alleged that ESI violated section 5.2 by contacting clients mutually served by ESI and SW. SW attached a copy of letters that ESI allegedly sent to such a client. Those letters are currently on file with this court in Division 10, Case No. 12SL-CC081, as Exhibit B to SW's Petition, and is attached hereto as Exhibit 2.

13. ESI did not wrongfully disclose any prohibited proprietary or confidential information in Exhibit 2, nor is ESI prohibited from communicating with clients mutually served by ESI and SW, or responding to pricing requests from entities interested in direct contracts with ESI.

## COUNT I

### Declaratory Relief

14. ESI restates and re-alleges paragraphs 1 - 13 of this Petition as if fully set forth herein.

3

15. The PDPA sets forth the respective rights and obligations of SW and ESI.

16. ESI did not violate Section 5.2, or any other provision of the applicable PDPA, when it sent communications to clients mutually served by SW and ESI letting them know that "if at the conclusion of whatever contractual obligations you may have with Srip World, you are interested in considering alternative Pharmacy Benefit Management (PBM) vendors, Express Scripts would welcome the opportunity to serve as your PBM through a direct arrangement with Express Scripts".

17. Nor does ESI violate any provision of the PDPA by responding to requests for pricing proposals through direct contracts with ESI.

18. As admitted by SW in their previous petition (See Ex. 1, at ¶ 37), a justiciable controversy exists with respect to ESI's obligations under the PDPA.

19. ESI seeks a declaration from the Court that ESI is not prohibited from communicating with clients mutually served by ESI and SW about potential activity to be taken after the expiration of any contractual obligations to SW or by responding to requests for pricing proposals from clients interested in direct contracts with ESI.

WHEREFORE, ESI respectfully request that the Court:

(a) Enter a declaratory judgment in its favor and against SW declaring that

    i. ESI has not breached the PDPA by improperly disclosing SW's proprietary information; and

    ii. ESI is not in violation of the PDPA by sending correspondence to existing clients, such as the correspondence attached as Exhibit 2.

(b) Award ESI its reasonable attorneys' fees and costs expended herein; and

      (c) Order such other further relief as the Court deems just and proper under the circumstances.

Dated: January 12, 2012

                        Respectfully submitted,

                        HUSCH BLACKWELL LLP

                        By_____
                        Thomas M. Dee, 30378
                        Christopher Smith, 53266
                        Matthew D. Knepper, 61731
                        190 Carondelet Plaza, Suite 600
                        St. Louis, MO  63105-3441
                        Phone:     314-480-1500
                        Facsimile: 314-480-1505

                        *Attorneys for Plaintiff Express Scripts, Inc.*