UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MERITAIN HEALTH INC. et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-266(CEJ) |
| ) | |
| EXPRESS SCRIPTS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to expedite discovery. Defendant opposes the motion and the issues are fully briefed.

**I. Background**

Plaintiff Meritain Health, Inc., designs and administers health benefit plans for employers. Defendant Express Scripts, Inc., provides prescription drug services. On August 8, 2005, Meritain, through its affiliate and co-plaintiff Scrip World, LLC., entered into a contract with the defendant to provide prescription services for plaintiffs' clients. Under the contract, plaintiffs provided the defendant with a confidential list of their clients, including information regarding their clients' benefits. Plaintiffs allege that the defendant used information from the client list to contact and solicit business from plaintiffs' clients. On January 27, 2012, plaintiffs filed an amended complaint against the defendant; asserting violation of the Lanham Act, 15 U.S.C. § 1125. *et seq.* (Count I), unfair competition (Count II), tortious interference with contractual relationships and business expectancies (Count III), violation of trade secrets and misappropriation of proprietary information (Count IV), breach of contract (Count V), and breach of a covenant of good faith and fair dealing (Count VI).

Plaintiffs now seek expedited discovery in preparation for the preliminary injunction hearing. Specifically, plaintiffs request that the defendant produce documents relating to its communications with plaintiffs' clients. Plaintiffs also seek to conduct six depositions of defendant's employees who either communicated with plaintiffs' clients or used plaintiffs' client list.

I. Discussion

Rule 26(d)(1), of the Federal Rules of Civil Procedure provides that a party may not seek discovery from any source before the parties have met and conferred, unless "authorized by these rules, by stipulation, or by court order." Fed.R.Civ.P. Rule (d)(1). Here, the parties have not met and conferred. Thus, plaintiffs must seek a court order granting leave to conduct formal discovery. Id.

Courts use one of two standards to determine whether a party is entitled to conduct expedited discovery. Some courts apply a "good cause" or "reasonableness" standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction. See Special Situations Cayman Fund, L.P. v. Dot Com Entertainment Group, Inc., 2003 WL 23350128 at *1, n. 7 (W.D.N.Y. 2003). The Eighth Circuit has not adopted either standard. See Monsanto Co. v. Woods, 250 F.R.D. 411 (E.D. Mo. 2008). But this Court has consistently applied the good cause standard. Id.; Cook v. Williams, 2009 WL 3246877 *1 (E.D. Mo. 2009).

Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Yokohama Tire

Corp.v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001). Cf. Merrill Lynch,Pierce, Fenner & Smith v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000).

When a party seeks expedited discovery to prepare for a preliminary injunction hearing, the court examines the discovery request on the entirety of the record and the reasonableness of the request in light of all the surrounding circumstances. See Merril, 194 F.R.D. 618 at 624. Factors commonly considered in determining the reasonableness of an expedited discovery request include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. Qwest, 213 F.R.D. 418 at 419.

Plaintiffs have shown good cause for expedited discovery. The documents and depositions plaintiffs seek to discover will assist them in establishing their claims in the preliminary injunction hearing. Expedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing. El Pollo Loco S.A. de C.V. v. El Pollo Loco Inc., 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004). Furthermore, plaintiffs have shown that their discovery request is not overly burdensome to the defendant. Defendant argues that plaintiffs' discovery request is broad. However, the Court finds that plaintiffs have narrowly tailored their request to a limited set of documents and depositions. See Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Network, Inc., 1998 WL 404820 (E.D.Pa.1998)(citing Irish Lesbian & Gay Org. v. Giuliani, 918 F.Supp. 728, 730-31 (S.D.N.Y.1996)( "[C]ourts generally deny motions for expedited discovery when the movant's discovery requests are overly broad.").

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for expedited discovery [#38] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to propound a request for production of documents in the form attached to their motion.  Pursuant to Fed. R. Civ. P. 34(b)(2)(A), the defendant shall respond to the request within 30 days after being served.

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to take the depositions of the individuals named in their motion.

**IT IS FURTHER ORDERED** that all discovery authorized by this Order shall be completed by **June 15, 2012**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2012.